STEVEN G. KALAR
Federal Public Defender
CANDIS MITCHELL
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    415.436.7700
Facsimile:    415.436.7706
candis_mitchell@fd.org

Counsel for Defendant Stephan Joseph

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **United States of America,**<br><br>   Plaintiff,<br><br>v.<br><br>**Stephan Joseph,**<br><br>   Defendant. | Case Number: 15cr441-CRB<br><br>**Sentencing Memorandum**<br><br>Date:  May 18, 2016<br>Time:  10:00 a.m. |

Stephan Joseph, through undersigned counsel, respectfully offers the following memorandum in support of his request for a sentence of 6-months in custody.

**1.    Section 3553(a) Analysis**

**1.1.    The Nature and Circumstances of the Offense . . .**

Mr. Joseph plead guilty with a plea agreement to the sole charge in the indictment—Felon in Possession for Firearm and Ammunition. In April 2015, Mr. Joseph was contacted by an Under Cover ("UC") Agent who wished to purchase a gun. Mr. Joseph brought a .45 caliber pistol to a parking lot in San Francisco, and after speaking to the UC, the gun was exchanged for $700.

Defendant's Sentencing Memorandum
15cr441-CRB                                    1

**1.2 . . . [And] the History and Characteristics of the Defendant.**

Mr. Joseph is currently a father to three, and soon to be father to four. *See* Exhibit A (Letter of Sara Urbina). A high school graduate, *see* PSR ¶ 69, he worked intermittently during the majority of the time he was employed. PSR ¶¶ 73-74. While not able to capitalize on his training in construction, *see* PSR ¶ 70, to secure full-time employment, Mr. Joseph has always striven to be employed to support his family. While on pre-trial release, he has been attending job search training for assistance with gaining permanent employment.

Mr. Joseph has made attempts to give back to his community. As Rod Dunn, a Dean of Students at Civic Corp, writes in his letter to the Court:

> I met him at a West Oakland Community event while recruiting young adults who are looking for an opportunity to better their lives in order for them to have a brighter future for themselves, and set an example for their children. When explaining our program to Mr. Joseph, he told me that he knew quite a few young adults that would really benefit from a program like Civicorps. Since then, Mr. Joseph has been assisting me by spreading the word about our program to young adults who have dropped out of high school here in the East Bay. Mr. Joseph shares his personal life experiences with these youths, so they won't follow in his footsteps. Whenever Mr. Joseph is available to assist me with a little street outreach, he is able to communicate the importance of having an education and having a. where an individual isn't constantly looking

Exhibit B.

His attempts to change himself for the better has also been noticed by his long-term partner Sara Urbina. As Ms. Urbina writes in her letter to the court:

> It is clear that he is working extremely hard to create a better life for him and his family. Given all of these qualities, me and Mr. Joseph has had our difficulties in the past but I have witness a very major growth in him that is one of the reasons I chose to get back together and I have also witness the time and dedication he has given to our children so much so that he has been taking counseling with our kids to explain as much as possible and help them process their feelings of their father going away. I' am very shocked and surprised to learn that Mr. Joseph has been convicted of a crime of this nature because it is inconsistent for what I know this

Defendant's Sentencing Memorandum
15cr441-CRB                                                 2

character to be.

Exhibit A.

While Mr. Joseph still has a great deal of growth to do to leave his criminal past behind him, he has demonstrated that he is capable of rehabilitation and doing well for not only himself, but also others.

### 1.3   The Need for the Sentence Imposed.

#### 1.3.1   To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense; To Afford Adequate Deterrence;

The requested sentence is significant and, thus, reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, and serves as an adequate deterrence to criminal conduct.

#### 1.3.2   To Protect the Public from Further Crimes of the Defendant; and

Prior to this case, the longest time that Mr. Joseph spent in custody was 60 days. *See* PSR 32-36. This requested sentence represents a tripling of his longest period of incarceration.

On review of the PSR, a trend is revealed as Mr. Joseph's criminal activity had begun to taper off from his more impetuous youth as he grew and developed as an adult. His most recent conviction was for a seat belt infraction in 2014. PSR ¶ 32. Prior to that, he received a five-day sentence for a misdemeanor driving under the influence conviction in 2011. PSR ¶ 31. His prior actions and length of time between his more serious offenses indicate that he is unlikely to commit further crimes once provided with opportunities to provide for his family legally.

Defendant's Sentencing Memorandum
15cr441-CRB                              3

Finally, Mr. Joseph will have a lengthy period of time while on supervision following the conclusion of his case. This period of supervision will give the public the best opportunity to prevent Mr. Joseph from committing further offenses.

### 1.3.3 To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.

Mr. Joseph is a high school graduate who requires no education or training while in custody. He additionally has no medical issues requiring treatment. However, he and his family have been struggling with the attendant issues surrounding the fall-out that occurs when one parent is incarcerated. He believes that he and his family would continue to benefit from the family counseling that he has started while on pre-trial release.

### 1.4 The Kinds of Sentences Available.

Here, the Court may impose any sentence up to 10 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment.

### 1.5 The Sentencing Range Established for the Applicable Category of Offense Committed by the Applicable Category of Defendant as Set Forth in the Guidelines

#### 1.5.1 Mr. Joseph's Proposed Guideline Calculations.

Base Offense Level, USSG § 2K2.1 .................................................... 14
Acceptance of Responsibility, USSG § 3E1.1(a) & (b) .................... −2

Total Offense Level ........................................................................... 12
Criminal History Category ................................................................. II
Sentencing Guideline Range ........................................... 12-18 months

Probation Officer Recommendation ................................. 15 months

Defendant's Sentencing Memorandum
15cr441-CRB                                      4

Mr. Joseph's Recommendation ...............................................6 months

### 1.5.2 The Court Should Adjust Downward Two-Levels for Acceptance of Responsibility.

Pursuant to U.S.S.G. § 3E1.1, the Court should depart two-levels because Mr. Joseph accepted responsibility for his involvement in the present offense.

### 1.6  Any Pertinent Policy Statement.

Addressed above.

### 1.7  Unwarranted Sentencing Disparity.

Admittedly, a sentence of 6 months in custody would not create disparity with other defendants sentenced under a strict guideline regime. However, the requested sentence reflects a sentence tied to—rather than divorced from—the section 3553(a) factors.

### 1.8  Restitution.

The parties agree that Mr. Joseph should not pay restitution or a fine.

## 2. Conclusion

The facts before the Court establish compelling reasons to impose a sentence below the low-end the Guideline range. Accordingly, Mr. Joseph asks the Court to sentence him to a term of 6 months in custody.

Respectfully submitted,
STEVEN G. KALAR
Federal Public Defender

Dated:  May 11, 2016                             /s/ Candis Mitchell
                                                 CANDIS MITCHELL
                                                 Attorney for Defendant

Defendant's Sentencing Memorandum
15cr441-CRB                                      6