BRIAN J. STRETCH (CABN 163973)
Acting United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

SCOTT D. JOINER (CABN 223313)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-6753
    scott.joiner@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 15-00441 CRB |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Sentencing Date: May 18, 2016 |
| STEPHAN JOSEPH, | Time: 10:00 AM |
| Defendant. | Judge: Hon. Charles R. Breyer |

**I.    INTRODUCTION**

The defendant, Stephan Joseph, stands before the Court to be sentenced following his guilty plea to Count One of the captioned Indictment for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The grand jury indicted the defendant on September 9, 2015. (ECF No. 8.) The defendant entered his plea on February 9, 2015. He did so without the benefit of a plea agreement.

The government submits the following sentencing memorandum to advise the Court of its Sentencing Guidelines calculation, its position with regard to the final presentence report ("PSR"), and its sentencing recommendation. The government agrees with the U.S. Probation Officer that the total offense level is 12 and that the correct Criminal History Category is II. The government also agrees with the U.S. Probation Officer's recommendation that the defendant be sentenced to a mid-range term

of imprisonment of 15 months. In addition, the government concurs with the U.S. Probation Officer's recommendation of a three-year term of supervised release to follow the defendant's custodial sentence and a special assessment of $100 for each count of conviction. Finally, the government requests that the defendant be subject to the suspicionless search condition described below.

## II. THE DEFENDANT'S OFFENSE CONDUCT (PSR ¶¶ 5-10)

On April 4, 2015, an ATF confidential informant (CI 1) encountered an individual known to him/her as "Steve" in the vicinity of 3rd Street and Palou Street in the Bayview area of San Francisco, CA. "Steve" was later identified as the defendant, Stephan Joseph. Joseph informed CI 1 that he trafficked in firearms. CI 1 and Joseph agreed to conduct a firearms transaction at a later date and Joseph gave the CI his phone number. The 3rd and Palou area is a known high crime area where gang members, armed narcotics traffickers, and firearms traffickers frequent. Additionally, SFPD intelligence indicates that numerous shootings, robberies, and other violent crimes are perpetrated by individuals known to frequent that area. On April 8, 2015, CI 1 contacted Joseph and arranged a firearms transaction for April 9, 2015. The following day Joseph met with CI 1 in the parking lot of a nearby McDonald's. He sold the CI a loaded .45 caliber pistol for $700.00. The firearm itself was concealed in a black purse which Joseph had hidden in the trunk of his car. A number of ATF agents and a second confidential informant (CI 2) helped conduct the controlled purchase. The transaction was audio and video recorded. The firearm which Joseph sold the CI turned out to be a HAFDASA of Argentina; Model: 1911, .45 caliber pistol bearing Serial Number: 17258. The firearm had a magazine inserted with five (5) rounds of ammunition in the magazine and one (1) round in the chamber.

## III. SENTENCING GUIDELINES CALCLATIONS

The government concurs with the PSR's Guidelines calculation which results in a total offense level of 12 . The government also agrees that the defendant's prior felony and misdemeanor convictions score him 3 criminal history points, resulting in a Criminal History Category (CHC) of II. The Guidelines range for an offense level of 12 and CHC II is 12 to 18 months.

## IV. DISCUSSION

### A. Applicable Law

Section 3553(a) directs courts to consider a number of factors in determining an appropriate

sentence. In this case, these factors indicate that a sentence of 15 months is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors are the nature and circumstances of the offense and the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the need to afford adequate deterrence to criminal conduct, *id.* § 3553(a)(2)(B), and the need to protect the public from further crimes of the defendant *id.* § 3553(a)(2)(C).

Although the Supreme Court's decision in *Booker* has rendered the Sentencing Guidelines advisory, the Guidelines still remain the "starting point and initial bench-mark" for sentencing. *Kimbrough v. United States*, 552 U.S. 85, 108, (2007) (internal quotation marks and citation omitted); *see Carty*, 520 F.3d at 991 (en banc); *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011). While there is no presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. Finally, "[a]s a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing." *United States v. Armstead*, 552 F.3d 769, 777-78 (9th Cir. 2008); *see, e.g.*, *United States v. Treadwell*, 593 F.3d 990, 1001 (9th Cir. 2010).

**B.     Sentencing the Defendant to 15 Months' Imprisonment Would Vindicate the Interests Set Forth in 18 U.S.C. § 3553(a).**

The government and U.S. Probation agree that an appropriate sentence in this case is a sentence of 15 months' imprisonment. Such a sentence would be sufficient but not greater than necessary to achieve the goals of sentencing. There are several considerations that strongly support this recommendation. Chief among them are the need to provide adequate deterrence and just punishment.

As noted in the PSR, the defendant "has a long history of violent conduct." (PSR at 27.) The

defendant's criminal history includes two felony convictions, four misdemeanor convictions, and 19 other arrests. (*See id.* ¶¶ 26-32, 35-46.)[1] Two of his arrests were for offenses involving firearms. Accordingly, the government fully agrees with the Probation Officer's conclusion that the defendant's "continuing and repetitious criminal conduct indicates the defendant is likely to continue his criminal behavior… the risk of recidivism is high." (*Id.* at 28.) A substantial sentence is now required to impress upon the defendant the need to refrain from future criminality, rehabilitate himself, and protect the public. Accordingly, given all the factors set forth under § 3553(a), the Government respectfully submits that a 15-month term of imprisonment would be sufficient but not greater than necessary, to achieve the goals of sentencing.

For the same reasons, the government recommends that the Court impose a three-year term of supervised release with a special search condition as recommended in the PSR. In place of the language recommended by Probation, the government would request the following language requiring the defendant to submit to a search at any time with or without suspicion:

> The defendant shall submit his person, residence, office, vehicle, and any property under his control, including any computers, cell phones, and other electronic devices to a search. Such searches shall be conducted by a United States Probation Officer or a federal, state, or local law enforcement officer at any time with or without suspicion.

Given the defendant's persistent criminality and his demonstrated unwillingness and/or inability to comply with the law, the requested search condition is needed to serve the interests of deterrence and rehabilitation.

### C.   There is no Compelling Justification for a Downward Variance

The defendant requests a sentence of 6 months in custody. This would represent a 50% reduction from the sentence indicated by the low-end of the Guidelines, and a 60% reduction from the mid-range sentence recommended by Probation and the government. There is no compelling reason to grant such a significant downward variance from the Guidelines. As noted above, while there is no

---

[1] This memorandum does not repeat the detailed facts surrounding the defendant's previous convictions as described in the PSR. The government notes the nature and extended pattern of these offenses, however, and urges the Court to give them careful consideration when evaluating the defendant's criminal history.

presumption of reasonableness for a Guidelines range sentence, if a district judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Carty*, 520 F.3d at 991-992 (citing *Gall v. United States*, 552 U.S. 38, 50, (2007)); *see also United States v. Munoz-Camarena*, 631 F.3d 1028, 1030 (9th Cir. 2011) ("district court must start with the recommended Guidelines sentence, adjust upward or downward from that point, and justify the extent of the departure from the Guidelines sentence."). As the Supreme Court recognized in *Gall*, "a major departure should be supported by a more significant justification than a minor one." 552 U.S. at 50. There is no such justification here. To the contrary, the significant reduction requested by the defense poses a very real risk of creating sentencing disparities among similarly situated defendants. The Court should deny the defendant's request accordingly.

## V. CONCLUSION

In full consideration of the defendant's history and characteristics together with the goals of sentencing, the government respectfully requests that the Court sentence the defendant to 15 months in prison for his violation of Title 18, United States Code, Sections 922(g)(1). The government recommends that this term in custody be followed by three years of supervised release, the search condition described above, a $100 special assessment, and forfeiture of the firearm.

DATED: May 11, 2016  Respectfully submitted,

BRIAN J. STRETCH
United States Attorney

/s/
SCOTT D. JOINER
Assistant United States Attorney